# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1341V
Filed: August 29, 2018
UNPUBLISHED

| | |
|---|---|
| WOSSEN TARIKU,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Douglas Lee Burdette, Burdette Law PLLC, North Bend, Washington*, for petitioner.
*Lara Ann Englund, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), which was caused-in-fact by one or both of the vaccinations he received on September 8, 2015 – the Fluzone Quad or Flulaval quadrivalent influenza ("flu") vaccine, and Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 30, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for his SIRVA. On August 28, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $70,000.00. Proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $70,000.00 in the form of a check payable to petitioner, Wossen Tariku.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WOSSEN TARIKU, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 16-1341V <br> Chief Special Master Nora Beth Dorsey |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 30, 2018, the Chief Special Master issued a Ruling on Entitlement, concluding that petitioner is entitled to compensation under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), as amended, 42 U.S.C. §§300aa-10 to -34.

**I.    Amount of Compensation**

Respondent proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded $70,000.00. [1] This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as a lump sum payment of $70,000.00, in the form of a check payable to petitioner. This amount

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's May 30, 2018, entitlement decision.

accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

    Respectfully submitted,

    CHAD A. READLER
    Acting Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    GABRIELLE FIELDING
    Assistant Director
    Torts Branch, Civil Division

    s/ LARA A. ENGLUND
    LARA A. ENGLUND
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146 Benjamin Franklin Station
    Washington D.C. 20044-0146
    Tel: (202) 307-3013
    E-mail:  lara.a.englund@usdoj.gov

Dated:  August 28, 2018